

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **13-20319** CR-LENARD

42 U.S.C. § 1320a-7b(b)(2)(A)
18 U.S.C. § 982

MAGISTRATE JUDGE
O'SULLIVAN

Sealed

UNITED STATES OF AMERICA

v.

MIGUEL A. RODRIGUEZ,

            **Defendant.**
_____/

FILED by ___ D.C.

MAY 09 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.     Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.     Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, including X-rays, and other health care

benefits, items, and services that were medically necessary and ordered by licensed medical doctors or other qualified health care providers.

4.     For Florida beneficiaries, Medicare Part B's insurance concerning health care benefits, items, and services, was administered by Palmetto Government Benefits Administrators ("Palmetto GBA"), pursuant to a contract with HHS.  Among Palmetto GBA's responsibilities, it received, adjudicated, and paid the claims of authorized suppliers that were seeking reimbursement for the cost of health care benefits, items, or services supplied or provided to Medicare beneficiaries.

### Medicare Billing Procedures

5.     A company that sought to participate in Medicare Part B and bill Medicare for the cost of benefits, items, and services was required to apply for and receive a "supplier number."  The supplier number allowed a company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of health care benefits, items, and services that a company had supplied to beneficiaries.

6.     To receive payment from Medicare, a company, using its supplier number, would submit a health insurance claim form, known as a CMS-1500.  Medicare permitted companies to submit a CMS-1500 electronically or by way of a paper claim form.  The CMS-1500 required companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

2

7.      Medicare, through Palmetto GBA, generally would pay a substantial portion of the cost of the health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers.

8.      Payments under Medicare Part B were often made directly to the company rather than to the patient/beneficiary.  For this to occur, the beneficiary would assign the right of payment to the company or other health care provider.  Once such an assignment took place, the company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

9.      Under Medicare rules and regulations, health care benefits, items, or other services must be medically necessary and ordered by a licensed doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare.

### The Defendant and His Company

10.      "L.P.X.I." was a Florida corporation incorporated on or about September 19, 1995, and did business in Miami-Dade County, purportedly providing medical services, including X-rays, to Medicare beneficiaries.  On or about August 3, 2006, **MIGUEL A. RODRIGUEZ** became President and Registered Agent of "L.P.X.I."

### COUNTS 1-3
### Payment of Kickbacks in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(2)(A))

1.      Paragraphs 1 through 10 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### MIGUEL A. RODRIGUEZ,

did knowingly and willfully offer and pay any remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a federal health care program, that is, Medicare, as set forth below:

| Count | Approximate Date | Approximate Kickback Amount |
|-------|------------------|-----------------------------|
| 1 | 05/26/2010 | $400 |
| 2 | 07/21/2010 | $400 |
| 3 | 08/25/2010 | $400 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## FORFEITURE
### (18 U.S.C. § 982)

1.      The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **MIGUEL A. RODRIGUEZ,** has an interest.

2.      Upon conviction of any violation of Title 42, United States Code, Section 1320a-7(b), as alleged in Counts 1 through 3 of the Indictment, the defendant shall forfeit all of his right, title, and interest to the United States of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
JOHN P. GONSOULIN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

MIGUEL A. RODRIGUEZ,

                              Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

| | | |
|---|---|---|
| X Miami | ___ Key West | New Defendant(s)          Yes _____   No _____ |
| ___ FTL | ___ WPB ___ FTP | Number of New Defendants   _____ |
| | | Total number of counts    _____ |

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)      Yes
     List language and/or dialect    Spanish

4.   This case will take    3-5    days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                          (Check only one)

| I | 0 to 5 days | X | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No)    No
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)    _____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No)    No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   X  No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   X  No

_____
JOHN P. GONSOULIN
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501289

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  MIGUEL A. RODRIGUEZ

**Case No**: _____

Counts  #: 1-3

Payment of Kickbacks in Connection with a Federal Health Care Program

Title 42, United States Code, Section 1320a-7b(b)(2)(A)

***** Max. Penalty**: Five (5) years' imprisonment as to each count